**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| DENNIS LEE VARGAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00084-JCH |
| ) | |
| DEAN MINOR, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Dennis Lee Vargas for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $22.31. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, this action will be dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff has submitted a copy of his certified inmate account statement. (Docket No. 3). The account statement shows an average monthly deposit of $111.57. The Court will therefore assess an initial partial filing fee of $22.31, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction"

means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a pro se litigant who is currently incarcerated at the Moberly Correctional Center in Moberly, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. His complaint names the following defendants: Warden Dean Minor; Vocational Enterprise Supervisor (VES) Mary Teague; VES Frank Miller; and VES Danny Benn.[1] (Docket No. 1 at 2-3).

On October 2, 2018, plaintiff was fired from his laundry job for a theft violation. (Docket No. 1 at 4). According to a grievance appeal response attached as an exhibit, plaintiff was found to have "contracted hospital items, such as washcloths and blankets in [his] assigned living area that came out of the baskets/carts in [his] assigned work area in the MCC Laundry." (Docket No. 1-1 at 3).[2] As such, plaintiff was removed from his work assignment.

---

[1] In the section of the form complaint to identify the defendants, plaintiff states that defendant Benn's surname is actually "Been." For the sake of clarity, the Court will use the spelling that is contained in the case caption.
[2] The Court will treat plaintiff's attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

3

Plaintiff alleges that Warden Minor allowed VES Teague to send out an interoffice communication "to the entire prison" that told everyone he was a thief. (Docket No. 1 at 4). He states that Warden Minor failed to provide due process, "failed to send out a correction memo to correct" Teague's interoffice communication, and "slandered [his] name by calling [him] a [thief]." Plaintiff further states that Warden Minor told him that he needed "to learn how to speak," and to take some classes, after which Warden Minor would determine if he could have a job.

With regard to VES Teague, plaintiff claims that Teague was the person who fired him from his job in the laundry. This caused him to lose the ability to provide for himself, the "loss of sponsorship for the Cancer Children at St. Jude[']s," and the "loss of [his] Story Link for [his] Grandchildren." (Docket No. 1 at 5). Further, plaintiff asserts that Teague slandered him by sending out an interoffice communication before he was given due process. He also states that Teague defamed him and violated the Prison Rape Elimination Act by telling other inmates that he was a homosexual. (Docket No. 1 at 4-5).

With regard to VES Miller, plaintiff states that Miller threatened to fire him when plaintiff confronted Miller about allowing an inmate to leave without clocking the inmate out on the computer. (Docket No. 1 at 5). According to plaintiff, Miller told him he would have to find a job somewhere else, and that he would never work for Vocational Enterprise again. Plaintiff states that Miller failed to do his job in a professional manner, and that Miller's action made plaintiff "a [t]arget to be fired."

Finally, with regard to VES Benn, plaintiff states that Benn is VES Teague's supervisor. (Docket No. 1 at 6). Plaintiff alleges that Benn "allowed" Teague to send out an interoffice communication that deprived him of due process and slandered his name. Plaintiff also asserts that

4

Benn failed to "address" Teague, allowed her to continue unprofessional acts, and "failed to uphold" his right to work after he was found not guilty.

As a result of defendants' actions, plaintiff states that he has suffered mental trauma and emotional distress. (Docket No. 1 at 4-6). He seeks replacement of his job, lost wages based on a sixty-hour work week, and $5 million in damages for mental trauma, slander, and defamation. (Docket No. 1 at 7).

## Discussion

Plaintiff is a pro se litigant who brings this action pursuant to 42 U.S.C. § 1983 against defendants Minor, Teague, Miller, and Benn. For the reasons discussed below, this action must be dismissed without prejudice for failure to state a claim.

### A. Official Capacity Claims

Plaintiff's official capacity claims against defendants Minor, Teague, Miller, and Benn must be dismissed. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Here, defendants are all alleged to be employees of Moberly Correctional Center, a penal institution of the Missouri Department of Corrections, which is an agency of the State of Missouri. As such, plaintiff's official capacity claims are actually claims against the State of Missouri itself.

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Thus, to the extent that plaintiff is seeking monetary damages, his official capacity claims against the State of Missouri must be dismissed.

To the extent that plaintiff is seeking injunctive relief, his official capacity claims are still subject to dismissal. In order to prevail on a claim against a governmental entity, a plaintiff must establish the entity's liability for the alleged conduct. *See Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Here, plaintiff has alleged no facts whatsoever to support the proposition that his constitutional rights were violated because of an official policy or unofficial custom on the part of the State of Missouri, or that Missouri was

deliberately indifferent in training or supervising its employees. Therefore, to the extent that plaintiff is seeking prospective injunctive relief, his official capacity claims must be dismissed.

## B. Individual Capacity Claims

Plaintiff's individual capacity claims against defendants Minor, Teague, Miller, and Benn must also be dismissed. Restated, plaintiff alleges that his right to due process was violated when he was fired from his job in the laundry; that he was slandered and defamed; and that he was threatened.

### i. Loss of Prison Job Claims Against Teague, Benn, and Minor

Plaintiff alleges that defendants Teague, Benn, and Minor violated his right to due process when he was terminated from his prison job. In order to prevail on a Fourteenth Amendment due process claim, a plaintiff must first demonstrate that he or she was deprived of life, liberty, or property by government action. *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). *See also Singleton v. Cecil*, 155 F.3d 983, 987 (8th Cir. 1998) (explaining that to claim a due process violation, plaintiff has to be deprived of either life, liberty, or property, otherwise "it does not matter whether one has received due process or not"). As life or property is not at issue in this case, plaintiff must identify a liberty interest to sustain a due process claim. *See Phillips*, 320 F.3d at 847. *See also Peck v. Hoff*, 660 F.2d 371, 373 (8th Cir. 1981) (stating that in order to be entitled to due process under the Fourteenth Amendment, there must first be some entitlement, right, or liberty interest protected under federal or state law).

The United States Supreme Court has determined that prisoners have a protected liberty interest in avoiding conditions of confinement that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). However, an inmate's loss of employment does not amount "to an atypical and

7

significant hardship" for purposes of the due process clause. *See Smith v. McKinney*, 2020 WL 1522492, at *3, *6 (8th Cir. 2020). That is, "[i]nmates have no constitutional entitlement to tenure in prison jobs." *Lyon v. Farrier*, 727 F.2d 766, 769 (8th Cir. 1984). *See also Lomholt v. Holder*, 287 F.3d 683, 684 (2002) (stating that inmate "had no constitutional right to a particular prison job"); *Mitchell v. Kirk*, 20 F.3d 936, 938 (8th Cir. 1994) (same); and *Flittie v. Solem*, 827 F.2d 276, 279 (8th Cir. 1987) (same).

Here, plaintiff alleges that VES Teague fired him from his prison job in the laundry. He further accuses Teague of using theft allegations to keep him from getting a job, and of failing to replace his job. Plaintiff claims that VES Benn is liable because he failed to address Teague's actions and uphold plaintiff's right to work. Finally, plaintiff asserts that Warden Minor is liable because he did not address Teague and correct her actions.

Plaintiff's job-related claims are premised on his contention that he has a constitutional right to his prison employment. He asserts that defendants' allegedly-wrongful actions in causing him to lose his job, and their later failure to replace that job, are violations of his right to due process. As discussed above, however, plaintiff does not have a constitutional right to a particular prison job. Specifically, loss of prison employment does not amount to an "atypical and significant hardship" for purposes of establishing a protectible liberty interest under the Fourteenth Amendment. Because plaintiff has not identified a liberty interest, his job-related due process claims must fail. Therefore, plaintiff's individual capacity claims against defendants Teague, Benn, and Minor regarding his termination of employment must be dismissed.

### ii.     Slander and Defamation Claims

Plaintiff alleges that defendants Teague, Benn, Miller, and Minor all defamed or slandered him. An inmate cannot recover damages for defamation under 42 U.S.C. § 1983 "because a

defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States." *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975). Furthermore, for purposes of § 1983, name calling is not a constitutional violation. *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985).

Here, plaintiff claims that VES Teague defamed him by sending an interoffice communication regarding his termination for theft, before he "was given the Right to Due Process." This caused plaintiff to be labeled as a thief. Plaintiff further claims that Teague told other inmates he was a homosexual. With regard to Warden Minor, plaintiff alleges that Minor slandered him by calling him a thief, and failed to correct the interoffice communication sent by Teague. Likewise, plaintiff accuses VES Benn of failing to address Teague after Teague sent an interoffice communication concerning plaintiff's termination for theft. Finally, plaintiff states that VES Miller also defamed his character and slandered him, though he provides no details.

As discussed above, defamation is not a constitutional violation. Thus, plaintiff's claims concerning the interoffice communication that purportedly labeled him a thief are not actionable under § 1983. Further, plaintiff's allegation against VES Teague for calling him a homosexual amount to name calling, which is also not a constitutional violation.[3] "To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016). Plaintiff's factual assertions regarding the defamation of his character, slander, and name calling do not establish such a violation. Therefore, plaintiff's claims against defendants Teague, Benn, Miller, and Minor regarding defamation and name calling must be dismissed.

---

[3] The Court notes that plaintiff presents no allegations to the effect that VES Teague's words placed him in danger, potentially giving rise to an Eighth Amendment violation. *See Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018) (stating that "prison officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an inmate's safety").

        **iii.     Verbal Threat Claim Against Miller**

Plaintiff alleges that VES Miller threatened to fire him after plaintiff confronted Miller about Miller's actions on the job. "Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992). In other words, fear or emotional injury resulting "solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *King v. Olmsted Cty.*, 117 F.3d 1065, 1067 (8th Cir. 1997).

Here, there is no indication that Miller's alleged threat contained any violence or force, so that it "amounted to an abuse of official power that shocks the conscience." *See Turner v. Mull*, 784 F.3d 485, 492 (8th Cir. 2015). There is also no indication that Miller engaged in ongoing verbal harassment or threatening behavior. Instead, plaintiff claims only that Miller told him he would be finding a job "somewhere else," and that plaintiff would never work for Vocational Enterprise again. This is not sufficient to constitute an invasion of an identified liberty interest, especially as plaintiff has no underlying constitutional right to a prison job. Therefore, plaintiff's claim against Miller regarding the making of a threatening statement must be dismissed.

**C. Preservice Dismissal**

Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an action filed in forma pauperis "at any time" the Court determines that the action "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In this case, plaintiff's official capacity claims against defendants are subject to dismissal because the claims are actually against the State of Missouri itself, which is not a "person" for a 42 U.S.C. § 1983 claim for money damages. Further, to the extent that plaintiff is seeking prospective injunctive relief, he has not demonstrated the State of Missouri's liability by showing an unconstitutional policy, custom, or failure to train. Plaintiff

has also failed to state individual capacity claims against any of the defendants, because his allegations regarding the loss of his prison job, the defamation of his character, and the supposed verbal threats he received fail to implicate his constitutional rights. For these reasons, the Court will dismiss this action without prejudice for failure to state a claim.

Accordingly

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $22.31 within **twenty-one (21) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his inmate registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 11th day of May, 2020.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE